**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ZACK HITCHINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-01022-TWP-TAB |
| | ) | |
| CORIZON HEALTHCARE, | ) | |
| LOLIT JOSEPH DR., THERESA STRAW, | ) | |
| CONNIE ALLEN N.P., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Requiring Plaintiff to Provide Viable Mailing Address and Directing Development of Defendants' Affirmative Defense Regarding Asserted Failure to Exhaust Available Administrative Remedies**

**I. Missing Address**

Copies of Orders sent to Plaintiff Zack Hitchings' have been returned to the Court as undeliverable. The Indiana Department of Correction website reflects that Hitchings has been released on parole on or about August 23, 2015.

A court's ability to contact a litigant or the litigant's representative through the use of a reliable address is imperative to the court's ability to transmit its rulings and manage its docket properly, and is equally important to the litigants. Therefore, the plaintiff shall have **through October 15, 2015,** in which to notify the clerk in writing of his current address. The plaintiff's failure to comply with this Entry may result in a finding that the plaintiff has abandoned this action and this action may be dismissed for failure to prosecute without further notice to the plaintiff.

Because no forwarding address was provided by the plaintiff, the Court has nowhere to send this Entry. If the plaintiff notifies the Clerk in writing of his mailing address, a copy of this Entry shall be sent to him.

## II. Affirmative Defense

The defendants have asserted the affirmative defense that the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. This defense must be resolved before reaching the merits of this case. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit."). Accordingly, the defendants shall have **through November 17, 2015,** in which to either 1) file a dispositive motion in support of the affirmative defense that the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, 2) notify the court that this affirmative defense is not amenable to resolution through a dispositive motion, or 3) notify the court that the defendant will not pursue the affirmative defense of failure to exhaust. If a dispositive motion is filed, the plaintiff shall have **thirty (30) days** in which to respond. The defendants shall then have **fifteen (15) days** in which to reply.

**IT IS SO ORDERED.**

Date: 9/18/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Zack Hitchings
[no viable address on file]